**KAZEROUNI LAW GROUP, APC**
Yana A. Hart (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorney for Plaintiff*
Jeffrey A. Almada

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFFREY A. ALMADA,** **on behalf of himself and all other similarly situated class members,** <br><br> Plaintiff, <br><br> v. <br><br> **KRIGER LAW FIRM, A.P.C.** <br><br><br> Defendant. | Case No: '19CV2109 BAS MDD <br><br> **COMPLAINT FOR DAMAGES** <br><br> **CLASS ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION ACT, 15 U.S.C § 1692,** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

*(left margin, vertical text)* KAZEROUNI LAW GROUP, APC / 2221 CAMINO DEL RIO SOUTH SUITE 101 / SAN DIEGO, CA 92108

**INTRODUCTION**

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    Jeffrey A. Almada, ("Plaintiff"), through Plaintiff's attorneys, brings this action on behalf of himself and others similarly situated individuals, seeking available legal and equitable remedies for Krieger Law Firm, A.P.C.'s ("Defendant") violations of the FDCPA with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and causing Plaintiff damages.

3.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4.    While many violations are described below with specificity, this Complaint alleges violations of the FDCPA cited in its entirety.

5.    Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6.    Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

7.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### JURISDICTION AND VENUE

8.    This Court has original jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.* and 28 U.S.C. § 1331.

9.    This Court has personal jurisdiction because Defendant is a California corporation located in La Mesa, California. Further, Defendant regularly attempts to collect alleged debts against consumers in San Diego County by mailing abusive collection letters to California consumers, as Defendant did to Plaintiff.

10.   Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant's personal jurisdiction in this district has been established.

### PARTIES AND DEFINITIONS

11.   Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 *et seq.,* who resides in the County of San Diego, State of California.

12.   Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13.   Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a professional corporation, with its principal place of business in San Diego, California.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

14.  Defendant is in the business of collecting debt or "delinquent assessments" on behalf of its homeowner association clients. Thus, on behalf of creditors, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. In doing so, Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

15.  Sometime in 2019, Plaintiff allegedly incurred a financial obligation (the "Debt") to a third party homeowner association, Wintergarden Green Homeowners Association ("Wintergarden"). Because this complaint alleges violations of the FDCPA, the validity and circumstances surrounding the Debt are irrelevant and will be discussed only to provide context.

16.  These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

17.  Plaintiff allegedly fell behind in payments on the Debt, therefore, it was assigned, placed, or otherwise transferred to Defendant for collection purposes.

18.  On or about June 3, 2019, Defendant sent Plaintiff an initial communication letter demanding payment on the Debt (the "Letter"). The Letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. §1692a(2).

19.  In relevant part, the Letter stated, "…if you dispute this debt, or any portion thereof, you *must* notify this office in *writing* within thirty (30) days of receipt of this letter." (emphasis added).

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

20. The Letter continues as follows: "After notifying this office of a dispute, all debt collection activities will cease until this office obtains verification of the debt . . ."

21. Under 15 U.S.C § 1692g(3), a debt collector shall send the consumer "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

22. However, contrary to the FDCPA, by stating "you *must* notify the office…" the Letter *requires* Plaintiff to notify Defendant regarding any disputes as opposed to giving Plaintiff the option to dispute the validity of the Debt: 15 U.S.C. § 1692g(a)(3) does not *require* a debtor to dispute the validity of a debt.

23. Moreover, the FDCPA does not require a debtor to contact the debt collector *in writing* to dispute the validity of the debt. *See Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 491 (4th Cir. 2014) [finding 15 U.S.C. § 1692g(3) "permits consumers to dispute the validity of a debt, orally and it does not impose a writing requirement."

24. Debt collector's activities may not contradict the rights under the 1692g notice in any way. *See Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988).

25. Thus, the Letter requiring Plaintiff to dispute the Debt and stating such dispute must be in writing violates the FDCPA as it limits Plaintiff's ability to be able to dispute the Debt.

26. The § 1692g notice requirement's importance is to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

27. Plaintiff was personally affected because he was frustrated, distressed, and confused as a result of the Defendant's abusive debt collection communication.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

## CLASS ACTION ALLEGATIONS

28.   Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within California who received any collection correspondence from Defendant, that is identical or substantially similar to the June 3, 2019 correspondence Plaintiff received from Defendant, within the one year prior to the filing of this Complaint.

29.   Plaintiff represents, and is a member of, the Class, because Plaintiff received Defendant's June 3, 2019, correspondence.

30.   Defendant, its employees and agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31.   The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members.  Plaintiff alleges the records maintained by Defendant may ascertain the Class members.

32.   The suit seeks damages and injunctive relief on behalf of the Class, and it is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33.   Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

- Whether Defendant's collection notices violated the FDCPA;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

34.   As a person that received collection correspondences from Defendant wherein Defendant required the consumer to dispute the debt in writing, Plaintiff is asserting claims that are typical of the Class.

35.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.   Even if every Class member could afford individual litigation, the court system could not.   It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.   By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *ET. SEQ.*

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq.*

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class Members be awarded damages from Defendant, as follows:

• Certify the Class as requested herein;

• Appoint Plaintiff to serve as the Class Representative in this matter;

• Appoint Plaintiff's Counsel as Class Counsel in this matter;

• Any such further relief as may be just and proper.

• An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), for himself and each Class member;

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1    • Any other relief this Court should deem just and proper.

2                                    **TRIAL BY JURY**

3    55.    Pursuant to the Seventh Amendment to the Constitution of the United States

4           of America, Plaintiff is entitled to, and demands, a trial by jury.

5

6                                        Respectfully submitted,

7                                        **KAZEROUNI LAW GROUP, APC**

8

9    Date:  November 1, 2019            By:  *s/Yana A. Hart*

10                                             Yana A. Hart, Esq.
                                               Email: yana@kazlg.com
11                                             *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KAZEROUNI LAW GROUP, APC**
**2221 CAMINO DEL RIO SOUTH SUITE 101**
**SAN DIEGO, CA 92108**