# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. ALMADA, on behalf of himself and all other similarly situated class members,<br><br>Plaintiff,<br><br>v.<br><br>KRIGER LAW FIRM, A.P.C.,<br><br>Defendant. | Case No. 19-cv-2109-BAS-MDD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[ECF No. 13] |

Presently before the Court is Plaintiff Jeffrey A. Almada's Ex Parte Motion for Leave to File First Amended Complaint. ("Mot.," ECF No. 13.) Plaintiff seeks to amend his complaint to include information he learned at the deposition of Defendant's 30(b)(6) deponent. Plaintiff moves ex parte, rather than by noticed motion, in an effort to keep the scheduled deadlines intact. ("Hart Decl.," ECF No. 13-1, ¶ 20.) Plaintiff has complied with this Court's standing orders regarding ex parte motions; counsel's declaration details her multiple efforts to contact defense counsel regarding Plaintiff's intent to move ex parte. Plaintiff's counsel states defense counsel never responded to her emails and phone calls. (*Id.* ¶ 21.)

This Court's standing orders provide that ex parte applications that are not opposed within two Court days must be considered unopposed and may be granted

1  on that ground.  Plaintiff filed his ex parte Motion on Thursday May 28, 2020, and
2  as of Tuesday, June 2, 2020, no opposition has been filed.  Thus, the Motion may be
3  granted on this basis alone, but the Court will also evaluate the merits of the Motion.

4  **I.    LEGAL STANDARD**

5  Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its
6  complaint once as a matter of course within specified time limits.  "In all other cases,
7  a party may amend its pleading only with the opposing party's written consent or the
8  court's leave. The court should freely give leave when justice so requires." *Id.*
9  15(a)(2).  Nevertheless, "[i]n deciding whether justice requires granting leave to
10 amend, factors to be considered include the presence or absence of undue delay, bad
11 faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,
12 undue prejudice to the opposing party and futility of the proposed amendment."
13 *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman*
14 *v. Davis*, 371 U.S. 178, 182 (1962)). Further, the court has discretion when
15 considering the aforementioned factors. *See Nat'l Council of La Raza v. Cegavske*,
16 800 F.3d 1032, 1045 (9th Cir. 2015). "Futility of amendment can, by itself, justify
17 the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th
18 Cir. 1995).

19 **II.   ANALYSIS**

20 Plaintiff contends that since he filed his complaint, he discovered that in
21 addition to the actions and facts already alleged, Defendant is also in violation of the
22 Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices
23 Act, for charging him unauthorized fees. Thus, Plaintiff seeks leave to file an
24 amended complaint to include these additional violations. (Mot. at 1.) He states the
25 allegations in his complaint are based on a letter he received from Defendant
26 demanding repayment of a debt.  The letter "also included some handwritten
27 changes" that Plaintiff and his counsel could not understand. (*Id.* at 2.) Defendant's
28 30(b)(6) deponent clarified the handwritten changes in his deposition.  These changes

form the basis of the newly alleged causes of action.

Plaintiff states the timeline of this case will likely not be changed if he is permitted to amend his complaint, as he does not require additional discovery and he intends to timely move to certify the class. (*Id.* at 4.) Although Plaintiff does not address it, the deadline to amend the pleadings was March 20, 2020, (*see* ECF No. 9) and Plaintiff's motion was filed two months after this date. Still, the Court notes the importance of Plaintiff's intention to continue this case in a timely manner. The Court also finds no undue delay on behalf of Plaintiff, who discovered the basis for the proposed amendments during discovery. And, as noted above, Defendant did not file an opposition the Motion to address any prejudice that would result from the amendment or whether or not it believes the new allegations are futile.

In sum, the Court finds Plaintiff should be granted leave to amend his complaint in the interest of justice. The Court **GRANTS** Plaintiff's ex parte motion. Plaintiff shall file the amended complaint attached to his motion on or before June 3, 2020.

**IT IS SO ORDERED.**

**DATED: June 2, 2020**

Hon. Cynthia Bashant
United States District Judge