UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. ALMADA, on behalf of himself and all other similarly situated class members,<br><br>                        Plaintiff,<br><br>v.<br><br><br>KRIGER LAW FIRM, A.P.C.,<br><br>                        Defendant. | Case No.:  19-CV-2109 TWR (MDD)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>(ECF Nos. 77, 78) |

       On November 4, 2019, Plaintiff Jeffrey A. Almada initiated a putative class action against Defendant Kriger Law Firm, A.P.C. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788–1788.32. (*See generally* ECF No. 1.)  After arm's-length negotiations and settlement discussions, the Parties entered into a Class Action Settlement Agreement, which the Court preliminarily approved on August 22, 2022.  (*See generally* ECF No. 76.)

       Presently before the Court are Plaintiff Jeffrey A. Almada's unopposed Motions for (1) Attorneys' Fees, Litigation Costs, and Incentive Award ("Fee Motion," ECF No. 77); and (2) for Final Approval of Class Action Settlement Agreement ("Final

Approval Motion," ECF No. 78) (together, the "Motions"). No objections to the Settlement have been received, (*see generally* Docket; *see also* ECF No. 78-9 ("Brunner Decl.") ¶ 16), and only one Settlement Class Member has opted out of the Settlement. (*See* Brunner Decl. ¶ 15.) The Court held a Final Approval Hearing on January 26, 2023, to determine whether the Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court.[1] (*See* ECF No. 81.) Having carefully considered the Settlement, the Motions, the record, and the applicable law, the Court **GRANTS** the Motions and **HEREBY ORDERS**:

1. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. <u>Settlement Class Members</u>. This action is hereby finally certified, for settlement purposes only, and the following Settlement Class defined as follows:

> All persons with addresses within the State of California who received a Form Letter from Defendant between November 4, 2018 and November 4, 2019.

Excluded from the Settlement Class are Defendant and any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant, or any parent, subsidiary, or affiliate of Defendant, and the immediate family members of all such persons.

3. <u>Final Approval</u>. The Settlement Agreement is finally approved in all respects as fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

---

[1] Unless otherwise specified, defined terms or capitalized terms in this Order have the same meaning as in the Settlement Agreement.

4.  <u>Final Class Certification</u>.  The Court again finds that this action satisfies the applicable prerequisites for class action treatment, namely:

    a.  the Settlement Class is so numerous that joinder of all members is impracticable;

    b.  there are questions of law or fact common to the Settlement Class;

    c.  Plaintiff's claims are typical of the claims of the Settlement Class;

    d.  Plaintiff will fairly and adequately protect the interests of the Settlement Class;

    e.  for purposes of determining whether the settlement is fair, reasonable, and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

    f.  certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

The Court further finds the Settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for the benefits of a class-wide settlement in the present rather than an uncertain outcome in the future.

The Court also finds each side possessed sufficient information with which to evaluate the merits of the case and determine that settlement was appropriate in light of the risks.  As such, the Parties' negotiations and, in turn, the Settlement were based on realistic, independent assessments of the merits of the claims and defenses in this case.

5. <u>Notice</u>. The Court finds that the Notice of Proposed Class Action Settlement in the forms set forth in Exhibits B and C to the Settlement Agreement ("Notice," ECF No. 75-3 at 28–37[2]) meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights. Thus, the Court finally approves the notice plan and procedures set forth in Sections III(J)–(L) of the Settlement Agreement.

6. <u>Exclusions and Objections</u>. One (1) exclusion was received, and zero (0) objections were received.

    a. The Settlement Class Members were given an opportunity to object to the settlement. Zero (0) Settlement Class members filed objections.

    b. This Order is binding on all Settlement Class Members, except the one individual who validly and timely excluded themselves from the Class.

7. <u>Settlement Terms</u>. The Agreement, which has been filed with the Court at ECF No. 75-3 and shall be deemed incorporated herein, and the Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof. The Court finds that the Settlement of this action on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the significant cash benefits to the Settlement Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the Class.

8. <u>Class Size</u>. Based on the formal discovery in the action, the Parties originally believed there to be 293 Settlement Class Members at the time the Agreement was executed and the Preliminary Approval Motion was filed. Once the Claims Administrator received

---

[2] To avoid ambiguity, pin citations to ECF No. 75-3 refer to the CM/ECF pagination electronically stamped in the top, righthand corner of each page.

the class data, however, it was discovered that the data file contained a total of 287 records and that 15 of those records were duplicates that were removed from the data set. That left 272 Settlement Class Members identified in the "Class List" to receive Notice. Notice Packets for only eleven (11) Settlement Class Members were ultimately returned as undeliverable because an alternate or better address was unattainable after conducting a skip trace, and there was one (1) valid exclusion, making the total class size 260 participating Settlement Class Members.

9. <u>Settlement Award(s) to Settlement Class Members</u>. In consideration for this Settlement, Defendant originally agreed to pay Cash Settlement Payments in the amount of $450 to each of the 293 Settlement Class Members, which totaled in the amount of one hundred, thirty-one thousand and eight hundred and fifty dollars ($131,850.00) (the "Common Fund"). Due to the final class size being smaller than anticipated and taking into account the one (1) exclusion and the eleven (11) Class Members with undeliverable Notice Packets, the number of participating Settlement Class Members is 260 rather than 293. This results in the 260 Settlement Class Members claiming $117,000 of the $131,850.00 in the Common Fund (with $14,850 of the Common Fund left over). As ordered by the Court at the Final Approval Hearing, each of the 260 participating Settlement Class Members will receive (in addition to the agreed upon $450 payment) a pro rata share of the $14,850 left over in the Common Fund. **As a result, each of the 260 participating Settlement Class Members will receive a single check in the amount of <u>$507.11</u>.**[3]

10. <u>Administration of the Cash Settlement Payment to Class Members</u>. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Court appointed Simpluris as the third-party Claims Administrator. The Claims Administrator shall disburse Cash Settlement Payments to entitled Settlement

---

[3] This number was obtained by taking the originally agreed upon Cash Settlement Payment of $450 and adding a pro rata share of the unclaimed $14,850 from the Common Fund, *i.e.*, $14,850 divided by 260, which equals $57.11 plus $450 for a total of $507.11.

Class Members who have not submitted a valid Exclusion Form in accordance with the requirements of, among other things, Section III(I) of the Settlement Agreement and Paragraph 11(a) the Court's Preliminary Approval Order, and Simpluris shall disburse the Cash Settlement Payments to Settlement Class Members within <u>twenty-five (25) days</u> after the Effective Date.  Checks issued to the Settlement Class Members will be void <u>one-hundred eighty-one (181) days</u> after issuance and shall state that fact on their face.

      11.    <u>Release of Claims and Dismissal of Litigation</u>.  The Releasing Parties hereby fully release their Released Claims against the Released Parties as these terms are defined by Sections II(P)–(R) of the Settlement Agreement, which includes:

    a.    Any and all claims or causes of action alleged in the Action relating to collection activity of the Released Parties, excluding any actual or statutory damages unrelated to the Released Parties' collection activity and/or alleged violations of the FDCPA and RFDCPA, including any Releasing Parties' claims for personal injury;

    b.    Any and all claims or causes of action under the FDCPA and/or RFDCPA connected to or arising out of debt collecting practices that Kriger engaged in on behalf of its clients during the Class Period relating to the Form Letter that is alleged to incorrectly cite statutory language from the FDCPA and RFDCPA; and,

    c.    Any additional claims by Settling Parties for litigation costs, attorneys' fees, or other matters or costs in excess of the amount stated in Section III(P) to the Agreement.

    d.    <u>Release of Unknown Claims</u>.  The Settling Parties acknowledge and agree that there is a risk that, subsequent to the execution of this Agreement, they may incur, suffer, or sustain injury, loss, damage, costs, attorneys' fees, expenses, or any of these that are in some way caused by and/or connected with the persons, entities, or which are unknown and unanticipated at the time this Agreement is signed, or which are not presently capable of being

ascertained. The Settling Parties further acknowledges that there is a risk that such damages as are known may become more serious than any of them now expects or anticipates. Nevertheless, the Settling Parties acknowledge that this Agreement has been negotiated and agreed upon in light of those risks and each Settling Party hereby expressly waives all rights each may have in any such unknown claims and assumes the risks that the facts and law pertaining to this dispute may change or be different than it is now known to each said Party. In doing so, the Settling Parties have had the benefit of counsel and have been advised of, understand, and knowingly and specifically waive their rights under California Civil Code Section 1542 which provides as follows:

> A general release does not extend to claims that the creditor **or releasing party** does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, **would** have materially affected his or her settlement with the debtor **or released party**.

12. <u>Class Representative and Service Award</u>. The Court confirms that Plaintiff Jeffrey Almada is appointed as the Class Representative of the Settlement Class. Pursuant to the terms of the Agreement, Defendant agreed to not object to a requested Service Award that did not exceed $2,500. Having reviewed Class Counsel's Fee Motion, the Court further approves Plaintiff Jeffrey Almada's requested Service Award in the amount of $2,5000 to be paid by Defendant to Class Counsel within <u>five (5) days</u> of the Effective Date.

13. <u>Class Counsel and Attorneys' Fees and Costs</u>. The Court appoints Abbas Kazerounian and Pamela E. Prescott of Kazerouni Law Group, APC as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

a. The Court further approves Class Counsel's request for attorneys' fees and costs in the amount of $240,000.

///

      b.      The Court finds that the requested fees are reasonable for the reasons set forth herein. Further, the Court finds the hourly rates of Class Counsel are fair and reasonable. The award of attorneys' fees and costs to Class Counsel shall be paid by Defendant to Class Counsel within <u>five (5) days</u> of the Effective Date set forth in the Agreement.

14. *Cy pres*. Should any funds remain in the Common Fund after the Cash Settlement payments in the amount of $507.11 are sent to the 260 Settlement Class Members, Class Counsel shall file a formal motion with the Court indicating the amount to be distributed and discussing, in more depth, the proposed *cy pres* recipients' respective qualifications to receive such distribution. The Court preliminarily approves The National Consumer Law Center and Public Justice as the proposed *cy pres* recipients to share any remaining funds in equal parts.

15. The Litigation is hereby dismissed with prejudice in all respects.

16. This Order is not, and shall not be construed as, an admission by Defendant.

17. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, in accordance with the Consent to Exercise of Settlement Jurisdiction by a United States Magistrate Judge and Order of Reference, (*see* ECF No. 82), the Honorable Mitchell D. Dembin, United States Magistrate Judge, hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

**IT IS SO ORDERED.**

Dated: January 30, 2023

                                                  Honorable Todd W. Robinson
                                                  United States District Judge